RADT v. HIRSH et al.

(Supreme Court, Appellate Term, First Department. July 7, 1916.)

1. LANDLORD AND TENANT &⇒230(9)—ACTION FOR RENT—PLEADING AND EVIDENCE.

In an action for rent, defended on the ground of a constructive eviction by landlord's negligence in permitting the roof to become defective, and in failing to repair it after notice, not setting up any written notice, as provided by the lease, but alleging that the lessee "personally" notified the landlord of the defect in the roof, evidence that notice was given by one of the lessee's agents to the lessor, who told the lessee to take the matter up with the janitor, was within the allegation.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 922–924; Dec. Dig. &⇒230(9).]

2. LANDLORD AND TENANT ⬦222—ACTION FOR RENT—DEFENSE—EVICTION.
    In an action for the rent of premises for the month of October and each
    of the three following months, where the lessee did not move before
    October 1st, on which day rent was due, an eviction, even if constituting
    no defense to the action for the October rent, would constitute a defense
    for rent accruing thereafter.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
    879–884; Dec. Dig. ⬦222.]

3. LANDLORD AND TENANT ⬦172(3)—PROVISIONS OF LEASE—EVICTION.
    Under the provisions of a lease that the lessor should not be liable to
    the lessee for any damage caused by the leakage of the roof unless he
    neglected to repair it within a reasonable time after written notice there-
    of, and that he should not be liable for any latent defect in the condition
    of the premises, or for damages to the premises or to goods thereon from
    leakage from Croton water or any other source, and that the rent should
    not be withheld on account of such damage, construed together, there
    could be a constructive eviction by reason of leakage, of which notice
    was given.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §
    701; Dec. Dig. ⬦172(3).]

4. LANDLORD AND TENANT ⬦172(3)—CONDITION OF PREMISES—LANDLORD'S
    DUTY.
    A landlord is only bound to use reasonable care to maintain the roof of
    premises in proper condition, and if he fails to do so is liable for damages
    resulting from his negligence.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §
    701; Dec. Dig. ⬦172(3).]

Appeal from City Court of New York, Trial Term.

Action by Max Radt against M. Harry Hirsh and Samuel Mayers. From a judgment of the City Court in favor of the plaintiff, directed by the court after trial before a jury, the defendant Hirsh appeals. Reversed, and new trial ordered.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Joseph Sapinsky, of New York City (Alvin Theo. Sapinsky, of New York City, of counsel), for appellant.

Edward A. Isaacs, of New York City, for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for rent of certain premises for the months of October, November, and December, 1913, and January, 1914. In the complaint the rent for each month is made a separate cause of action. The answer sets up as a defense to each cause of action a constructive eviction by reason of the fact that prior to October 1st the plaintiff negligently permitted the roof to become in a defective condition and, after notice to him, failed and neglected to repair the roof, so that the rain leaked into the premises, and thereby the premises—

"became, were rendered, and continued to be uninhabitable and unfit for use and purpose for which said premises were rented, and that by reason of these facts the defendants were compelled to leave the premises and were evicted therefrom."

[1] The lease, which is made part of the pleadings, provides in paragraph third:

"It is understood that the said lessor shall not be liable to the said lessee for any damages caused by the leakage of the roof, vault lights, or skylights, unless the lessor neglect to repair same within a reasonable time after a written notice of such leakage is delivered to the lessor."

It is not claimed in this case that the defendant did give written notice of any leakage, but the answer sets forth that such written notice was by the plaintiff duly waived, in that the defendants *personally* notified the plaintiff of the condition of the roof, as more fully appears hereinafter, and the plaintiff promised to and agreed with the defendants to repair the same. At the trial the defendants attempted to show that notice of leakage was given originally by one of their agents to the plaintiff, and that the plaintiff told the defendants to take up these matters with the janitor, and that thereafter they had conversations with the janitor. The trial justice, however, excluded all this testimony, and in fact practically all the testimony of every kind offered by the defendants.

While the trial justice did not state upon what ground he excluded this evidence, I think that it is quite apparent that he sustained the plaintiff's objection upon the ground that this evidence did not come within the allegation of the answer that the defendants "personally" notified the plaintiff as to the condition of the roof. It would certainly seem that a construction of the pleadings which would exclude the testimony offered is entirely too narrow, and the words "personally notified the plaintiff" should certainly include a notification given to the plaintiff or his duly authorized agent by the defendants.

[2] The respondent further claims that inasmuch as the rent became due on October 1st, and the defendants did not remove before that date, an eviction can constitute no defense to the rent due. That contention may be sound as to the first cause of action for October rent, but not to the other causes of action for rent accruing thereafter.

[3, 4] Finally, it is urged that under the terms of the lease there could be no constructive eviction by reason of any leakage even though notice was given. Paragraph ninth of the lease provides:

"The lessor shall not be liable for any latent defect or change of condition in the premises, nor for any damage to the same, or to goods or other things contained therein, by any overflow or leakage upon or into the premises from the Croton water or any other source, and the rent shall not be withheld or diminished on account of such defect, change or damage."

It is to be noted that, while paragraph third in the lease provides that the landlord shall not be liable for damages, except where written notice shall be given, this paragraph provides without any exception that "the rent shall not be withheld or diminished on account of such defects, change, or damage." In my opinion, however, this paragraph should not be construed in such a manner as to deprive a tenant of his right to leave the premises, if through the fault of the landlord the premises become uninhabitable. The landlord is ordinarily bound to use reasonable care to maintain the roof in proper condition. Or-

dinarily, if he fails to use such care, he would be liable for damages for injuries caused by his negligence. By the express agreement contained in paragraph third the obligation of the landlord is, however, limited by the provision that he must make repairs only after written notice.

Paragraph ninth contains also a clause that the landlord shall not be liable for any damage by any overflow or leakage, and this clause must necessarily be read with the earlier provision that he shall not be liable unless he "neglect to repair the same after a written notice of such leakage is delivered to the lessor." Inasmuch as the landlord's liability to make repairs is clearly continued when he neglects to make repairs after a written notice, I do not think that the lease should be so construed that if the landlord neglects to make the repairs, and by his wrongful act deprive the tenant of the substantial enjoyment of the demised premises, the tenant must continue to pay rent for premises which he cannot use. This clause is not intended, I think, to cover such a situation.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.